UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMMA LEE SHIMEK § | |
| and § | |
| ESTATE OF DONNIE LEE SHIMEK, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. H-06-0074 |
| BIMBO BAKERIES USA, INC., § | |
| MRS. BAIRD'S BAKERIES, INC., § | |
| and § | |
| MRS. BAIRD'S BAKERIES BUSINESS § | |
| TRUST, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' motion for summary judgment and Plaintiffs' motion to remand. Defendants argue that Plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act (ERISA). Plaintiffs contend that this Court is without jurisdiction over Plaintiffs' state law claims and ask that the Court, should it find ERISA preemption, construe the state claims as ERISA claims.

ERISA preempts all claims that "relate to" an employee benefit plan. *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). A claim relates to a plan if it has "a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). All of Plaintiffs' claims are connected to an ERISA plan and are therefore preempted.

Plaintiffs urge the Court to apply the well-pleaded complaint rule to construe their state law claims as ERISA claims. It is true that the Supreme Court has held that the

1

breadth of ERISA preemption warrants an exception to the well-pleaded complaint rule to permit removal of preempted cases to federal court.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987).  In light of the facts that this case was filed only a few months ago and that Plaintiffs appear to be well aware of the applicability of ERISA to their claims (*see* Pls.' Resp. to Defs.' Mot. to Dismiss at 3-5), however, the Court declines to permit Plaintiffs to recharacterize their claims without formally amending the Complaint.  Accordingly, Defendants' motion to dismiss, Docket No. 5, is hereby **GRANTED**.  Plaintiffs' claims are hereby **DISMISSED**.  If Plaintiffs wish to assert ERISA claims, they may file a new complaint stating those claims.  Plaintiffs' motion to remand is hereby **DENIED AS MOOT**.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 13th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**